**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA AND TOKIO MARINE AMERICA INSURANCE COMPANY, )))))) | |
| Plaintiffs, ) | Civil Action No. 2:23-cv-01398 |
| ) | |
| v. ) | Magistrate Judge Chelsey M. Vascura |
| ) | |
| VERTIV CORPORATION, ))) | |
| Defendant. )) | |

**PLAINTIFFS' MOTION TO AMEND THE PRELIMINARY PRETRIAL ORDER AND FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDUM OF LAW**

Plaintiffs Mitsui Sumitomo Insurance Company of America and Tokio Marine America Insurance Company move to modify the Preliminary Pretrial Order [Doc. 26] and for leave to file an Amended Complaint. The justification for this motion is set out in the Memorandum of Law below. Plaintiffs' proposed Amended Complaint is attached hereto as Exhibit 1.

**MEMORANDUM OF LAW**

**I.    BACKGROUND**

This action arises from a May 20, 2022, explosion at the Toray Industries (America), Inc., carbon fiber composite material manufacturing facility in Decatur, Alabama. Compl. [Doc. 1]. Plaintiffs are the subrogated insurers of Toray and have or will sustain approximately $18,700,000.00 in losses as a result of the explosion. *Id.* at ¶¶ 6, 19.

On September 7, 2022, Plaintiffs filed suit against Defendant Vertiv Corporation in the Northern District of Alabama alleging Vertiv caused the explosion by failing to properly inspect and maintain the facility's Uninterruptible Power Supply ("UPS") systems. Specifically, Plaintiffs

allege that Vertiv's service of the UPS systems was grossly negligent, wanton and reckless, and fraudulent. *Id.* at ¶¶ 30-47.

On November 8, 2022, Defendant Vertiv filed a Motion to Transfer Venue [Doc. 10] to this Court based on a Service Agreement between Plaintiffs subrogor Toray, and Vertiv. On April 7, 2023, the Northern District of Alabama granted the Motion to Transfer Venue. Opinion & Order, April 7, 2023 [Doc. 16].

Vertiv filed its Answer [Doc. 27] on May 9, 2023. On the same day, the Court entered a Preliminary Pretrial Order [Doc. 26], which set a deadline of July 14, 2023, for motions to amend the pleadings.

On August 10, 2023, Vertiv filed a Motion for Judgment on the Pleadings [Doc. 36]. In this Motion, Vertiv argues that Plaintiffs have failed to properly state their claims of gross negligence, wanton and reckless conduct, and fraud. Further, Defendant argues that under the Service Agreement, Plaintiffs' only remedy is a claim for breach of contract, which is not specifically pled, and that its recovery is capped by a contractual limitation of liability. *See generally,* Def.'s Brf. [Doc 36].

Plaintiffs now move to amend the Preliminary Pretrial Order and for leave to file an Amended Complaint. Plaintiffs' Proposed Amended Complaint adds a breach of contract claim against Vertiv and pleads with more specificity their claims of gross negligence, wanton and reckless conduct, and fraud.

## II.     ARGUMENT AND CITATION TO AUTHORITY

Federal Rule of Civil Procedure 15(a)(2) provides that, after the time for amending as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." This "rule embodies a 'liberal amendment policy.'" *Brown v. Chapman,* 814 F.3d 436, 442 (6th

2

Cir. 2016). "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962). However, because the Preliminary Pretrial Order has set pretrial deadlines, including a deadline of July 14, 2023, to amend pleadings, filing an Amended Complaint also requires modifying the Preliminary Pretrial Order.

Pursuant to Federal Rules of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet case management order requirements." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (quoting *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002). "A district court should also consider possible prejudice to the party opposing the modification." *Id.* The circumstances in the present case fully justify modifying the Preliminary Pretrial Order to allow Plaintiffs to file an Amended Complaint.

The legal standard for a motion for judgment on the pleadings under Rule 12(c) is the same as a motion to dismiss under Rule 12(b)(6). See *Bullington v. Bedford Cnty.*, 905 F.3d 467, 469 (6th Cir. 2018). Defendant could have filed a motion to dismiss pursuant to Rule 12(b)(6) instead of answering Plaintiffs' Complaint. However, it chose to answer the Complaint and did not file its Motion for Judgment on the Pleadings until August 10, 2023. From Plaintiffs' perspective, there was no reason or need to amend the Complaint until Defendant Vertiv filed its Motion for Judgment on the Pleadings – but, by that time, the deadline for amendments had already passed.

As fully set forth in their contemporaneously filed Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings, Plaintiffs fully oppose Defendant's Vertiv's Motion for Judgment on the Pleadings and believe that all of their claims already have been properly stated in the original Complaint. However, to the extent the Court is inclined to grant Defendant's motion for judgment on the pleadings, in whole or in part, Plaintiffs should be allowed to file an Amended Complaint. *See, e.g., Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) ("The complaint's deficiencies, however, are capable of being cured by amendment. . . . it should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint.") (citations and internal quotation marks omitted); *Inge v. Rock Financial Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) ("Rule 15 reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments.") (citations and internal quotation marks omitted); *Marks v. Shell Oil Co.*, 830 F.2d 68, 6 (6th Cir. 1987) ("Though the decision to grant leave to amend is committed to the trial court's discretion, that discretion is limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits.") (citation omitted).

Finally, allowing Plaintiffs to file an Amended Complaint will not cause any prejudice to Defendant. The parties have just recently completed an initial round of written discovery and have not yet taken any depositions. Discovery is not set to close until February 28, 2024. The proposed Amended Complaint does not make any substantially new factual allegations. Rather, it asserts a new breach of contract claim based on previously pled facts and pleads certain factual circumstances in more detail. To the extent there is anything new at all, there is ample time in discovery to address it. "Delay that is neither intended to harass nor causes any ascertainable

4

prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading." *Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982).

### III.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court grant their Motion to Amend the Preliminary Pretrial Order and For Leave to File an Amended Complaint, and allow Plaintiffs to file the proposed Amended Complaint attached hereto as Exhibit 1.

Respectfully submitted this 31st day of August, 2023.

/s/ David M. Bessho
David M. Bessho
*Admitted Pro Hac Vice*
David A. Terry
*Admitted Pro Hac Vice*
COZEN O'CONNOR
Trial Attorneys
The Promenade, Suite 400
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone:    (404) 572-2000
Facsimile:    (404) 572-2199
E-mail:    dbessho@cozen.com
E-mail:    dterry@cozen.com

*Counsel for Plaintiffs*

CO-COUNSEL:

Mark E. Utke
COZEN O'CONNOR
Ohio Bar No. 0088559
One Liberty Place,
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone:    (215) 665-2000
E-mail:    mutke@cozen.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA AND TOKIO MARINE AMERICA INSURANCE COMPANY, )))))) | |
| Plaintiffs, ) | Civil Action No. 2:23-cv-01398 |
| ) | |
| v. ) | Magistrate Judge Chelsey M. Vascura |
| ) | |
| VERTIV CORPORATION, ))) | |
| Defendant. )) | |

**CERTIFICATE OF SERVICE**

I, hereby certify that on August 31, 2023, I electronically filed the within and foregoing ***Plaintiffs' Motion to Amend the Preliminary Pretrial Order and for Leave to File Amended Complaint and Memorandum of Law*** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

Marc J. Kessler
Hahn Loeser & Parks LLP
65 E. State St., Ste. 1400
Columbus, Ohio 43215
mkessler@hahnlaw.com
jmeese-martinez@hahnlaw.com
*Counsel for Defendant*

                                           */s/ David M. Bessho*
                                           David M. Bessho
                                           *Admitted Pro Hac Vice*