# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MITSUI SUMITOMO INSURANCE
COMPANY OF AMERICA,** *et al.*,

               **Plaintiffs,**

        **v.**

                                           **Civil Action 2:23-cv-1398**
                                         **Magistrate Judge Chelsey M. Vascura**

**VERTIV CORPORATION,**

               **Defendant.**

## OPINION AND ORDER

Plaintiffs, Mitsui Sumitomo Insurance Company of America and Tokio Marine America Insurance Company, New York citizens and subrogees of their insured, Toray Industries (America), Inc., bring this breach-of-contract action founded on diversity jurisdiction under 28 U.S.C. § 1332 against Defendant Vertiv Corporation, an Ohio citizen. This matter, in which the parties have consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c), is before the Court on Defendant's Motion to Strike Plaintiffs' Untimely and Improper Expert Designation (ECF No. 69). For the reasons below, Defendant's Motion is **DENIED**.

This case arises out of Defendant's alleged failure to properly inspect and report to Toray on the condition of batteries powering Toray's uninterruptable power supply ("UPS"). On May 9, 2023, the Court entered a Preliminary Pretrial Order adopting the parties' proposed deadlines for primary expert disclosures on December 15, 2023, and rebuttal expert disclosures on January 15, 2024. (ECF No. 26.) The primary expert disclosure deadline was extended to January 17, 2024 (ECF No. 53), and the rebuttal expert disclosure deadline was extended to July 10, 2024

(ECF No. 66). On January 17, 2024, Plaintiffs timely disclosed six potential primary expert witnesses; Defendant did not disclose any primary expert witnesses. On May 3, 2024, almost four months after the primary expert deadline, Plaintiffs disclosed a new expert, Brad Davis, P.E., with Envista Forensics, "to provide expert testimony concerning the condition of the batteries at issue and to specifically rebut certain expert opinions expressed by Defendant's witnesses in their depositions." (Pls.' Suppl. and Rebuttal Expert Disclosures, ECF No. 69-1.) In their motion briefing, Plaintiffs explain that Mr. Davis's testimony is intended to rebut the deposition testimony of Frank Kozlowski, an employee of Defendant who inspected the batteries, that it was possible for all 40 batteries in the UPS system to go from a serviceable condition to a completely unserviceable condition in a span of five weeks due to "thermal runaway." (Pls.' Mem. in Opp'n 6, ECF No. 70) (citing Kozlowski Dep. 20–22, ECF No. 73-1.)

Defendant moves to strike Plaintiffs' designation of Mr. Davis as an expert as untimely and to preclude admission of his report in motions, hearings, or trial. Defendant contends that, because Defendant has designated no expert witnesses (and, indeed, contends that "one is not necessary on this record"), Mr. Davis cannot be a rebuttal expert, and that therefore he is an untimely disclosed primary expert. Plaintiffs contend that, although Defendant has not formally designated Mr. Kozlowski as a primary expert witness, Mr. Kozlowski's testimony is clearly an expert opinion based on scientific, technical, or other specialized knowledge under Federal Rule of Evidence 702(a).

The undersigned finds it unnecessary to resolve whether Mr. Kozlowski is an expert witness such that Mr. Davis is appropriately designated as a "rebuttal" expert. Even if Mr. Davis is an untimely disclosed primary expert, the undersigned finds Plaintiffs' late disclosure to be both harmless and substantially justified. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.,*

325 F.3d 776, 782 (6th Cir. 2003) (holding that exclusion of expert testimony is required by

violations of Fed. R. Civ. P. 26(a) unless the violation was either "harmless" or "substantially

justified"). In order to determine whether the late disclosure is harmless or substantially justified,

courts must consider five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the
> ability of that party to cure the surprise; (3) the extent to which allowing the
> evidence would disrupt the trial; (4) the importance of the evidence; and (5) the
> nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection

Servs., Inc.,* 763 F.3d 385, 396–97 (4th Cir.2014)).

Here, although Defendant may have been surprised by Mr. Davis's untimely disclosure,

that surprise is easily cured. Discovery remains open until September 12, 2024, and dispositive

motions are not due until November 11, 2024. Although Defendant's rebuttal expert disclosure

deadline passed on July 10, 2024, the Court will extend this deadline to permit Defendant an

opportunity to depose Mr. Davis and designate an expert witness to rebut his testimony. Such an

extension will not require extending the dispositive motions deadline. Therefore, Defendant will

not be prejudiced in any way by the late disclosure. Additionally, as no trial has yet been

scheduled, introduction of Mr. Davis's opinions will not disrupt the trial. Further, the evidence is

important as it relates to whether the batteries were in serviceable condition as reported by

Defendant—a core merits issue in this case. Finally, Plaintiffs could not have disclosed Mr.

Davis's opinions until after the January 17, 2024 primary expert disclosure deadline because the

evidence that Mr. Davis's testimony is intended to rebut was not obtained until Mr. Kozlowski's

March 14, 2024 deposition. Thus, Plaintiffs were substantially justified in not meeting the

primary expert disclosure deadline, and the late disclosure was harmless. *See*, *e.g.*, *Durham v.

Niffenegger*, No. 1:18-CV-91, 2022 WL 1541586, at *5 (S.D. Ohio Apr. 29, 2022) (denying

motion to strike untimely expert disclosure when prejudice could be remedied with case schedule extensions); *Maxum Indem. Co. v. Drive W. Ins. Servs. Inc./Mulberry Ins. Servs.*, No. 1:13-CV-191, 2014 WL 12653865, at *2 (S.D. Ohio June 13, 2014) (denying motion to strike expert testimony when movant had sufficient time to depose expert); *Great N. Ins. Co. v. Brentlinger Enterprises*, No. 2:11-CV-01153, 2014 WL 3530798, at *4–5 (S.D. Ohio July 15, 2014) (same).

In sum, for all these reasons, Defendant's Motion to Strike Plaintiffs' Untimely and Improper Expert Designation (ECF No. 69) is **DENIED**. The rebuttal expert disclosures deadline is extended, for the limited purpose of allowing Defendant to depose Mr. Davis and designate an expert witness to rebut his testimony, until **SEPTEMBER 3, 2024**. The discovery deadline is extended, for the limited purpose of allowing Plaintiffs to depose any rebuttal expert that Defendant may designate, to **SEPTEMBER 30, 2024**.


**IT IS SO ORDERED.**


*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE